UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BARRY SPENCER, II,                              :
               Petitioner,                         :
                                                :           **OPINION AND ORDER**
v.                                              :
                                                :           17 CV 7308 (VB)
B. VON BLANCKENSEE,                             :
               Respondent.                        :
--------------------------------------------------------------x

Briccetti, J.:

       Petitioner Barry Spencer, II, proceeding pro se and in forma pauperis, brings this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") erroneously calculated presentence custody time credited to his federal sentence.

       For the reasons set forth below, the petition is DENIED.

       The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

I.      Factual Background

       On May 17, 2013, a complaint was filed against petitioner in the United States District Court for the District of Massachusetts (the "District of Massachusetts") for distribution of cocaine and aiding and abetting that distribution (the "federal charges"). A warrant was issued for petitioner's arrest.

       On May 26, 2013, petitioner was arrested by the Boston Police Department for distribution of Class B drugs within 1,000 feet of a school zone. The arrest was unrelated to the pending federal charges, and petitioner used the alias "David Jones."

       Following his arrest, petitioner remained in detention.

       Petitioner entered secondary federal custody on June 26, 2013, pursuant to a writ of

1

habeas corpus ad prosequendum, but he was returned to state custody the same day.

After a July 2015 jury trial, petitioner was convicted on the federal charges. United States v. Barry Spencer, 13 CR 10196 (D. Mass) ("United States v. Barry Spencer"), Docs. ##266, 267, 268.

On January 20, 2016, petitioner was sentenced to a five-year term of imprisonment (the "federal sentence"). The court ordered that (i) petitioner "shall receive credit for such time served in state custody awaiting disposition of this indictment as may appropriately be counted," and (ii) petitioner "shall serve his sentence concurrent . . . with any state sentence to be imposed in the pending state case, Docket #1184SUCR10040." United States v. Barry Spencer, Doc. #283 at 2.

First, although the court referenced a single pending state case, Docket #1184SUCR10040, petitioner served two state sentences between his May 26, 2013, arrest and his October 3, 2017, release from federal custody.[1] Petitioner's first state sentence was imposed and deemed served by the Suffolk Superior Court on November 14, 2014. Accordingly, BOP gave petitioner 431 days of credit for time spent in state custody awaiting disposition of the federal charges between the November 14, 2014, conclusion of his first state sentence, and the January 20, 2016, commencement of his federal sentence.

Second, petitioner did not plead guilty to the charges in Docket #1184SUCR10040 until after the commencement of his federal sentence. On March 27, 2017, the Suffolk Superior Court imposed a sentence of time served (the "second state sentence").

BOP adjusted petitioner's credit after the second state sentence was imposed, to

---

[1] Somewhat confusingly, neither sentence relates to the charges for which petitioner was arrested on May 26, 2013.

effectuate the court's order that petitioner's federal sentence run concurrent with the sentence imposed in Docket #1184SUCR10040. As a result, petitioner was credited with an additional 538 days, to account for time spent in custody between his May 26, 2013, arrest and the November 14, 2014, termination of his first state sentence.[2]

Ultimately, petitioner received 969 days of credit.

On October 3, 2017, petitioner was released from custody.

II. Procedural Background

On December 29, 2016, petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the District of Massachusetts. United States v. Barry Spencer, Doc. #315. On September 7, 2017, the petition was dismissed without prejudice. Id., Doc. #333. The court converted the motion to a petition pursuant to 28 U.S.C. § 2241, and stated, "[b]ecause Spencer is currently incarcerated at FCI-Otisville in New York, his § 2241 petition should be filed in the Southern District of New York." Id.

On September 22, 2017, petitioner filed this petition for a writ of habeas corpus. (Doc. #2).

**DISCUSSION**

Petitioner claims BOP miscalculated his sentence by failing to give him all of the credit to which he was entitled for time served in presentence custody.

Petitioner's claim is without merit.

---

[2] As of June 27, 2017, petitioner had been given credit for time served between May 28, 2013, and January 19, 2016. (Pet. at 40). At some point between June 27, 2017, and September 21, 2017, petitioner's credit was adjusted, and he received credit for two additional days in state custody. (Jennings Decl. Ex. G at 3 (reflecting credit for time served between May 26, 2013, and January 19, 2016)).

3

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). "Section 2241 may be used to challenge the computation of a sentence by prison officials." Evans v. Larkin, 629 F. App'x 114, 115 (2d Cir. 2015) (summary order).[3]

The calculation of a term of federal imprisonment is governed by 18 U.S.C. § 3585. The authority to calculate when a sentence commences and whether credit is due for time served in presentence custody rests with the BOP. See United States v. Luna–Reynoso, 258 F.3d 111, 117 (2d Cir. 2001).

Before filing a Section 2241 petition, an inmate must exhaust all administrative remedies. See Carmona v. U.S. Bureau of Prisons, 243 F.3d at 633. "A court can excuse a failure to exhaust administrative remedies when such exhaustion would be futile or where the agency has predetermined the issue before it." Rosenthal v. Killian, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009) (internal quotation omitted).

Here, petitioner concedes he did not exhaust all available administrative remedies. (Pet. at 9).[4] However, petitioner asserts he filed this petition at "crunch time," because the final step of the BOP administrative process remained pending within days of his projected release date. (Id.).

The Court liberally construes petitioner's assertion as an argument that exhaustion of

---

[3] Because petitioner is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[4] As used herein, "Pet. at __" refers to the Court's electronic case filing system page number stamped at the top of each page of the petition and its attachments, all of which are filed together as a single document. (Doc. #2).

administrative remedies would have been futile in his case, and should be excused. "Courts in this District have expressed doubt whether a time constraint can excuse an inmate's failure to exhaust his administrative remedies." See, e.g., Houston v. Linaweaver, 2014 WL 3610908, at *3 (S.D.N.Y. July 15, 2014) (internal quotation omitted). However, the Court need not resolve the issue in this case, because petitioner's claim is plainly without merit.

Petitioner's claim appears to arise from his mistaken belief that his May 26, 2013, arrest occurred on May 23, 2013. (Compare Jennings Decl. Ex. A ¶ 81, with Pet. at 4, 10, 19). Petitioner's belief is contradicted by documents in the record. Petitioner's December 23, 2015, Presentence Investigation Report from the District of Massachusetts, and an excerpt from the Federal Bureau of Investigation's records clearly indicate petitioner was arrested by the Boston Police Department on May 26, 2013. (See Jennings Decl. Ex. A ¶ 81 & Ex. D at 13).

BOP correctly determined petitioner should receive presentence custody credit from the time he was detained, May 26, 2013, to the time his federal sentence commenced, January 20, 2016. Those 969 days were properly credited toward petitioner's federal sentence.

Accordingly, no adjustment to petitioner's sentence is warranted.

## CONCLUSION

Petitioner's motion for a writ of habeas corpus is DENIED.

The Clerk is instructed to (i) mail a copy of this Order to petitioner at the address listed on the docket, and (ii) close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: February 26, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge